UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVE MCKENZIE,

    Plaintiff,

                                CASE NO.:

v.

CELLCO PARTNERSHIP
d/b/a VERIZON WIRELESS,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Steve McKenzie, by and through undersigned counsel, brings this action against Defendant, Cellco Partnership d/b/a Verizon Wireless, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Hillsborough County.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida, and he worked in Hillsborough County.

5. Defendant operates a telecommunications sales center in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

7. Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

8. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10. Plaintiff has satisfied all conditions precedent, or they have been waived.

11. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

12. Plaintiff requests a jury trial for all issues so triable.

## FACTS

13. Plaintiff began working for Defendant on or around October 2016.

14. Plaintiff is a military veteran and suffers from post-traumatic stress disorder ("PTSD").

15. In or around May 2019, Plaintiff suffered a serious health condition within the meaning of the FMLA.

16. Specifically, Plaintiff experienced an episode of PTSD.

17. In or about June 2019, Plaintiff submitted proper medical documentation to Defendant in support of his FMLA leave request to care for himself.

18. Plaintiff subsequently applied for short-term disability as well.

19. On or about December 10, 2019, Plaintiff received a certified letter from Defendant, specifically from Kim Selman ("Selman") stating that his employment was terminated.

20. On the very same day, December 10, 2019, Plaintiff received a call from Defendant's Human Resources, Lisa Hardy ("Hardy"), advising Plaintiff to disregard the termination letter because it was sent by mistake since all of Plaintiff's paperwork had, in fact, been received in contradiction with the allegations contained in Selman's letter.

21. In June 2020, Plaintiff noticed irregular deductions from his paycheck and was directed by Defendant's payroll department to contact Sedgewick, Defendant's third party benefits vendor.

22. Sedgewick informed Plaintiff that his short term disability from June 2019 was denied, thus causing the payroll deductions.

23. Sedgewick further informed Plaintiff that Selman had called Sedgewick and requested a change in the dates for his short term disability so

that they would not match what was provided by his physician and thus be denied.

24. Plaintiff attempted to contact Selman in June 2020 about what Sedgewick told him; however, Selman was out on maternity leave.

25. In December 2020, Defendant's Human Resources contacted Plaintiff and informed him that his August 2020 FMLA certification was denied.

26. Plaintiff worked with his physician and Sedgewick to have his August 2020 FMLA certification corrected and Sedgewick approved the same.

27. However, Sedgewick contacted Plaintiff and advised him that Defendant was denying the August 2020 FMLA certification.

28. Plaintiff contacted Defendant and was told by "Debbie" that what Sedgewick was telling him was false but that this has been going on too long and that she would have to terminate him. However, she told Plaintiff to continue working until it happened.

29. On December 13, 2020, Plaintiff's manager, Jason Skopp ("Skopp"), contacted Plaintiff and advised him that he was terminated due to his absences.

30. On or about December 13, 2020, Plaintiff's employment was terminated for a pretextual reason.

31. Plaintiff exercised his rights under the FMLA by filing for and utilizing FMLA leave.

32. Defendant's termination of Plaintiff's employment violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

33. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as fully set forth herein.

34. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

35. By terminating Plaintiff's employment for Plaintiff's FMLA protected absences from work, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

36. Defendant's actions were willful and done with malice.

37. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    (a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

    (b) An injunction restraining continued violation of the FMLA by Defendant;

    (c) Compensation for lost wages, benefits, and other remuneration;

    (d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a

judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## **COUNT II – FMLA RETALIATION**

38. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 32 of this Complaint, as fully set forth herein.

39. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

40. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

41. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating his employment.

42. Defendant's actions were willful and done with malice.

43. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 30th day of November, 2021.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **AMANDA E. HEYSTEK**
        Florida Bar Number: 0285020
        Direct Dial: 813-379-2560
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**